HURLEY, Judge,
concurring specially.
I concur only in the judgment of the court since I believe the case can be decided on a narrower ground than the McNabb-Mallory Rule.[1]
In Romanello v. State, 160 So.2d 529 (Fla. 1st DCA), cert. denied, 168 So.2d 148 (Fla.1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1541, 14 L.Ed.2d 436 (1965), the court declined to adopt a per se exclusionary rule for failure to comply with the then-existing statutory requirement that an accused be taken before a magistrate “without unnecessary delay.” The court reasoned:
It is the rule, however, that due process of law is not violated in such instances unless it is shown that the delay in itself resulted in the confession under attack, and it will not be presumed that such was the case. Id. at 532-33.
Similarly, in Headrick v. State, 366 So.2d 1190, 1191 (Fla. 1st DCA 1978), the court held:
Each case must be examined upon its own facts to determine whether a violation of Rule 3.130(b), considering its purpose and effect, has induced an otherwise voluntary confession.
The counterpart to Rule 3.130(b), Fla.R. Crim.P., mentioned above, is Rule 8.050(b), Fla.R.Juv.P., which delimits the time requirements for conducting a juvenile detention hearing. It specifies that:
The detention hearing shall be within twenty-four (24) hours after the child is taken into custody excluding Sundays and legal holidays.
The facts in the case at bar demonstrate a complete disregard of the foregoing rule. The juvenile defendant was arrested at 9:00 P.M. on Thursday, May 10, 1979, but was not taken to a detention hearing until Monday, May 14, 1979, at 1:30 P.M. — 88 and lh *504 hours after arrest. We take judicial notice of the fact that first appearance and detention hearings are conducted on a daily basis in Palm Beach County and, consequently, the defendant could have been brought before a magistrate on either Friday or Saturday.
Furthermore, the facts reveal that on Friday, May 11th, when the defendant was apprised by his probation counselor of his right to counsel, defendant immediately indicated his desire to be represented by an attorney. Thus, I have no difficulty in concluding that the delay in bringing the defendant to a detention hearing directly deprived him of his right to counsel and in turn, resulted in the confession under attack. Accordingly, I concur in affirming the trial court’s order of suppression.

. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943); and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).